IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYRON WARD,<br>　　　　Plaintiff<br><br>　　　　v.<br><br>JOHN J. LAMANNA, et al.,<br>　　　　Defendants. | )<br>)<br>)　C.A. No. 07-80 Erie<br>)　District Judge McLaughlin<br>)　Magistrate Judge Baxter<br>)<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　RECOMMENDATION**

　　　It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(d) and that Plaintiff's request for leave to proceed *in forma pauperis* [Document # 1] be dismissed as moot.

**II.　REPORT**

　　　Plaintiff Myron Ward, formerly incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), brings this action *pro se,* pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq.[1] Named as Defendants are John J. LaManna, Deborah Forsyth, Marty Sapko, Stephen Housler, David English, and Michael Salerno. In his complaint, Plaintiff alleges that Defendants violated their duty to care for his health and safety by exposing him to hazardous substances at his UNICOR job assignment and by failing to provide him with adequate protective equipment. In addition to his complaint, Plaintiff has filed a motion to proceed *in forma pauperis*. [Document # 1].

　　　On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an

---

[1] Plaintiff is presently being held at the Federal Transfer Center in Oklahoma City, Oklahoma.

1

action to proceed without payment of costs.  Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d).  Wilson v. Rackmill, 878 fd 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915(d) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  In fact, the statue not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

     A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), *quoting* Conley, 355 U.S. at 45-46.  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines.  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  *See, e.g.*, Nami v. Fauver, 82 F.3d

63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990).

The allegations raised in Plaintiff's Complaint are virtually identical to those Plaintiff raised in his previous Complaint that was litigated before this Court at Case No. 04-11 Erie. That Complaint was dismissed by Order of District Judge Sean J. McLaughlin, dated March 14, 2007. Plaintiff has since appealed the dismissal of his Complaint at Case No. 04-11 to the Third Circuit Court of Appeals, which appeal remains pending. Thus, there is no case or controversy presented in this case that is left to be addressed by this Court, which is required for this Court to retain jurisdiction pursuant to Article III of the United States Constitution. See North Carolina v. Rice, 404 U.S. 244, 246 (1971)(Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them."). As a result, this case should be dismissed as frivolous.

### III.    CONCLUSION

For the foregoing reasons, this complaint should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(d) and Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 1] should be dismissed as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: May 14, 2007

cc:   The Honorable Sean J. McLaughlin
      United States District Judge